1  LOCKE LORD BISSELL & LIDDELL LLP
   Conrad V. Sison (SBN: 217197)
2  csison@lockelord.com
   Daniel A. Solitro (SBN: 243908)
3  dsolitro@lockelord.com
   300 South Grand Avenue, Suite 2600
4  Los Angeles, California 90071
   Telephone:     213-485-1500
5  Facsimile:     213-485-1200
6
7  Attorneys for Defendants
   AMERICAN HOME MORTGAGE SERVICING, INC.
8  and DEUTSCHE BANK NATIONAL TRUST COMPANY, AS
   TRUSTEE FOR AMERICAN HOME MORTGAGE
9  ASSETS TRUST 2007-2 MORTGAGE-BACKED PASS-
   THROUGH CERTIFICATES, SERIES 2007-2
10

*Left margin vertical text:* Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

11              UNITED STATES DISTRICT COURT

12            NORTHERN DISTRICT OF CALIFORNIA

13

14  ANDREAS NOTTEBOHM, and TESS          )   CASE NO. CV11-01838 SI
    NOTTEBOHM, individuals as,           )
15                                       )   Honorable Susan Illston
                                         )
16               Plaintiffs,             )   **DEFENDANTS' NOTICE OF MOTION
                                         )   AND MOTION TO DISMISS PLAINTIFFS'
17        v.                             )   COMPLAINT**
    AMERICAN HOME MORTGAGE               )
18  CORPORATION d/b/a AMERICAN           )
    BROKERS CONDUIT ("AMERICAN"), is a   )   Date:      June 3, 2011
19  New York corporation; SUNFIELD       )   Time:      9:00 a.m.
    FINANCIAL, INC. ("SUNFIELD"), is a   )   Place:     Courtroom 10, 19th Floor
20  California corporation; AMERICAN HOME )
    MORTGAGE SERVICING, INC. ("AHMSI"),  )
21  is a Delaware corporation; T.D. SERVICE )
    COMPANY ("TDS"), is a California      )
22  corporation POWER DEFAULT SERVICES,  )
    INC.; UNITED CAPITAL TITLE           )   [Filed concurrently with:  (1) Request for
23  INSURANCE CO.; MERSCORP, INC., a     )   Judicial Notice, and, (2) [Proposed] Order]
    Virginia Corporation, MORTGAGE       )
24  ELECTRONIC REGIST. SYS., INC. a      )
    subsidiary of MERSCORP, INC., a Delaware )
25  corporation; DEUTSCHE NATIONAL       )   Complaint Filed:  March 25, 2010
    COMPANY AS TRUSTEE FOR AMERICAN      )
26  HOME MORTGAGE ASSETS TRUST 2007-2    )
    MORTGAGE-BACKED PASS-THROUGH         )
27  CERTIFICATES, SERIES 2007-2 AND DOES )
    individuals 1 to 50, Inclusive; and ROES )
28  Corporations 1 to 30, Inclusive; and all other )

---

persons and entities unknown claiming any )
right, title, estate, lien or interest in the real )
property described in the Complaint adverse to )
Plaintiff's ownership, or any cloud upon )
Plaintiff's title thereto, )
)
                    Defendants. )
)

**TO THE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on June 3, 2011 at 9:00 a.m., or as soon thereafter as the matter may be heard in the above-entitled Court, defendants American Home Mortgage Servicing, Inc. ("AHMSI") and Deutsche Bank National Trust Company, as Trustee for American Home Mortgage Assets Trust 2007-2 Mortgage-Backed Pass-Through Certificates, Series 2007-2 ("DBNTC" and together with AHMSI, "Defendants") will bring for hearing before the Honorable Susan Illston, United States District Judge, in Courtroom 10 of the United States Courthouse located at 450 Golden Gate Avenue, San Francisco, California, a Motion to Dismiss the Complaint filed by plaintiffs Tess Nottebohm and Andreas Nottebohm ("Plaintiffs").

Defendants seek dismissal pursuant to Federal Rules of Civil Procedure 8(a), 9(b), and 12(b)(6) on grounds that Plaintiffs fail to plead facts sufficient to provide Defendants with adequate notice of the claims asserted, fail to plead with the requisite specificity, and fail to state a claim upon which relief can be granted.  In addition, dismissal with prejudice is appropriate because the defects of the Second Amended Complaint cannot be cured by amendment and Plaintiffs have already been given two previous opportunities to state a viable claim, yet have consistently failed to do so.

This Motion is based on this Notice of Motion and Motion, the incorporated Memorandum and Points of Authorities, Defendants' Request for Judicial Notice filed concurrently herewith, the additional documents submitted therewith, the pleadings, papers and records on file in this action, and such oral argument as may be presented at the time of the hearing.  This Motion seeks dismissal of Plaintiffs' Second Amended Complaint against Defendants with prejudice in its entirety.

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

DEFENDANTS' MOTION TO DISMISS
*Nottebohm  v. American Home Mortgage Corporation, et al.*, Case No. CV11-01838 SI

1   Dated:  April 22, 2011                    LOCKE LORD BISSELL & LIDDELL LLP

2

3                                            By:  _____/s/ Daniel A. Solitro_____

4                                                   Conrad V. Sison
                                                    Daniel A. Solitro

5
                                             Attorneys for Defendants
6                                            AMERICAN HOME MORTGAGE SERVICING, INC.
                                             and DEUTSCHE BANK NATIONAL TRUST
7                                            COMPANY, AS TRUSTEE FOR AMERICAN HOME
                                             MORTGAGE ASSETS TRUST 2007-2 MORTGAGE-
8                                            BACKED PASS-THROUGH CERTIFICATES,
                                             SERIES 2007-2
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Locke Lord Bissell & Liddell LLP**
**300 South Grand Avenue, Suite 2600**
**Los Angeles, CA 90071**

DEFENDANTS' MOTION TO DISMISS
*Nottebohm  v. American Home Mortgage Corporation, et al..*, Case No. CV11-01838 SI

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

## STATEMENT OF ISSUES TO BE DECIDED

Pursuant to Civil Local Rule 7-4(a)(3), defendants American Home Mortgage Servicing, Inc. ("AHMSI") and Deutsche Bank National Trust Company, as Trustee for American Home Mortgage Assets Trust 2007-2 Mortgage-Backed Pass-Through Certificates, Series 2007-2 ("DBNTC" and together with AHMSI, "Defendants") set forth the following Statement of Issues to Be Decided:

1.      Does the Second Amended Complaint ("SAC") meet the minimum pleading requirements under the Federal Rules of Civil Procedure?

2.      Should the Court dismiss Plaintiffs' claim for "unfair lending practices" because the claim is time barred and/or because the subject loan of the SAC is not a "covered loan" as defined under California's predatory lending statute?

3.      Should the Court dismiss Plaintiffs' claim for violation of RESPA because it fails to allege they sent a Qualified Written Request to any defendant and/or because the SAC fails to allege any damages caused by the purported RESPA violation?

4.      Should the Court dismiss Plaintiffs' claim  for violation of the Fair Credit Reporting Act because the statute does not provide for a private right of action against a furnisher of information to credit reporting agencies?

5.      Should the Court dismiss Plaintiffs' fraud-based claims because they fail to meet the heightened pleading requirements under the Federal Rules of Civil Procedure for fraud claims and/or because the SAC does not allege the requisite elements to maintain any fraud-based claim?

6.      Should the Court dismiss Plaintiffs' claim for "wrongful foreclosure" because they have failed to make the requisite tender of the loan proceeds and because the claim is based on untenable theories of law relating to California's non-judicial foreclosure statutes?

7.      Should the Court dismiss Plaintiffs' claim for "unjust enrichment" because no such claim exists under California law and because Plaintiffs have alleged a valid contract with defendants and therefore cannot maintain a claim based on a quasi-contract theory of law?

8.      Should the Court dismiss Plaintiffs' claims to quiet title because they have failed to make the requisite tender of the loan proceeds and fail to allege the requisite elements to maintain such a claim?

9. Should the Court dismiss Plaintiffs' claim for slander of title because the non-judicial foreclosure of the subject property was proper after Plaintiffs' default and because notices published in connection with a non-judicial foreclosure are privileged and therefore cannot form the basis for a slander of title claim?

10. Should the Court dismiss Plaintiffs' claim for violation of the Rosenthal Fair Debt Collection Practices Act because the allegations in the SAC do not relate to "debt collection" or a "debt collector" as defined by the statute?

11. Should the Court dismiss Plaintiffs' claim for violation of California's Unfair Competition Law, Business & Professions Code §§ 17200 *et seq.* because it is based on Plaintiffs' other untenable claims in the SAC and fails to meet the requisite pleading standards?

12. Should the Court dismiss Plaintiffs' claim for declaratory relief because Plaintiffs fail to plead any underlying cause of action that entitles them to declaratory relief and have not made the requisite tender of the loan proceeds owed?

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

# **TABLE OF CONTENTS**

**Page**

STATEMENT OF ISSUES TO BE DECIDED ..................................................4

MEMORANDUM OF POINTS AND AUTHORITIES ........................................1

INTRODUCTION ........................................................................................1

RELEVANT FACTS AND ALLEGATIONS.......................................................2

I.    PLAINTIFFS' LOAN AND DEFAULT ON LOAN. ............................2

II.   PROCEDURAL HISTORY..............................................................3

ARGUMENT ..............................................................................................4

I.    THE APPLICABLE LEGAL STANDARD.........................................4

      A.    Plaintiff Must Allege Facts To State A Claim Under FRCP 8(a)....4

      B.    Claims For Fraud Must be Plead With Even More Particularity.......5

II.   PLAINTIFFS' COMPLAINT FAILS TO MEET THE MINIMUM
      PLEADING STANDARD..................................................................5

III.  ALL OF PLAINTIFFS' CLAIMS ARE LEGALLY INSUFFICIENT AND
      MUST BE DISMISSED. ..................................................................6

      A.    Plaintiffs Fail To State A Claim for "Unfair Lending Practices". .....6

      B.    Plaintiffs Fail To State A Claim for Violation of RESPA. ...............7

      C.    Plaintiffs Fail to State A Claim for Violation Of The FCRA. ...........9

      D.    Plaintiffs Fail to State Any Fraud-Based Claims............................10

      E.    Plaintiffs Fail To State A Claim for Wrongful Foreclosure. ...........12

            1.    Plaintiffs Fail to Allege Tender Or The Ability To Tender the Loan
                  Proceeds Admittedly Borrowed.........................................13

            2.    Plaintiffs' Claim Rests On Untenable Theories Relating To Non-
                  Judicial Foreclosure Law in California..................................13

      F.    Plaintiffs Fail To State A Claim for Unjust Enrichment.................15

      G.    Plaintiffs Fail to State A Claim to Quiet Title. ..............................17

      H.    Plaintiffs Fail To State A Claim for Slander of Title......................17

      I.    Plaintiffs Fail To State A Claim Against Defendants For Violation Of
            The RFDCPA..................................................................................19

      J.    Plaintiffs' Claim For Violation of California's Unfair Competition Law
            Fails..............................................................................................20

      K.    Plaintiffs' Claim for Declaratory Relief Fails................................21

CONCLUSION..........................................................................................22

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

# TABLE OF AUTHORITIES

**Page(s)**

### FEDERAL CASES

*Aaron v. Aguirre*,
  No. 06-1451 H, 2007 WL 959083 (S.D. Cal. Mar. 8, 2007) ............................................ 5

*Amaral v. Wachovia Mortg. Corp.*,
  692 F.Supp.2d 1226 (E.D. Cal. 2010) .......................................................................... 9

*Ashcroft v. Iqbal*,
  129 S. Ct. 1937 (2009) ................................................................................... 4, 5, 6

*Baisa v. Indymac, et al.*,
  Case No. 09-1464, 2009 WL 3756682 (E.D. Cal. 2009) .......................................... 14

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544, 127 S. Ct. 1955 (2007) ............................................................. 4, 6, 8

*Benham v. Aurora Loan Services*,
  No. C-09-2059, 2009 WL 2880232 (N.D. Cal. Sept. 1, 2009) ............................... 14

*Bly-Magee v. California*,
  236 F.3d 1014 (9th Cir. 2001) ................................................................................ 5, 11

*Boles v. Merscorp, Inc.*,
  2009 WL 5225867 (C.D. Cal. 2009) ............................................................................. 8

*Brown v. Option One Mortg. Corp.*,
  No. C 09-5705 MHP, 2010 WL 1267774 (N.D. Cal. Apr. 1, 2010) ....................... 11

*Candela v. NDEX West, LLC*,
  No. 08-1916, 2008 U.S. Dist. LEXIS 105926 (E.D. Cal. Dec. 23, 2008) ................. 19

*Castaneda v. Saxon Mortgage Services, Inc., et al.*,
  No. 2:09-01124 WBS DAD, 2010 U.S. Dist. LEXIS 17235 .................................... 19

*Chavez v. Reconstrust Co.*,
  No. 08-1864, 2008 WL 5210893 (E.D. Cal. Dec. 11, 2008) ................................... 22

*Cohn v. Bank of America*,
  2011 WL 98840 (E.D.Cal. 2011) .................................................................................. 7

*Cortez v. Keystone Bank, Inc.*,
  No. 98-2457, 2000 WL 536666 E.D. Pa. 2000 ............................................................ 9

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

DEFENDANTS' MOTION TO DISMISS
*Nottebohm  v. American Home Mortgage Corporation, et al.*, Case No. CV11-01838 SI

# TABLE OF AUTHORITIES
### (cont.)

**Page(s)**

*DeLeon v. Wells Fargo Bank, N.A.*,
    729 F.Supp.2d 1119 (N.D.Cal. 2010) ..................................................... 6

*Farahani v. Cal-Western Reconveyance Corp.*,
    No. 09-194, 2009 WL 1309732 (N.D. Cal. May 8, 2009) .......................... 19

*Gardner v. Am. Home Mortgage Servicing, Inc.*,
    691 F.Supp. 2d 1192 (E.D. Cal. 2010) .................................................. 13

*Gauvin v. Trombatore*,
    682 F. Supp. 1067 (N.D. Cal. 1988) ...................................................... 5

*Gen-Probe, Inc. v. Amoco Corp.*,
    926 F. Supp. 948 (S.D. Cal. 1996) .................................................... 4, 6

*Gens v. Wachovia Mortg. Corp.*,
    2011 WL 9121 (N.D.Cal. 2011) ........................................................... 10

*Glover v. Fremont Inv. and Loan*,
    No. C-09-03922 JCS, 2009 WL 5114001 (N.D.Cal. Dec. 18, 2009) ............. 7

*In re Sargent Tech., Inc.*,
    278 F. Supp. 2d 1079 (N.D. Cal. 2003) ................................................. 4

*In re Toyota Motor Corp.*,
    No. 8:10-ML-02151 JVS, 2010 WL 4867562 (C.D. Cal. Nov. 30, 2010) ....... 16

*Ines v. Countrywide Home Loans, Inc.*,
    No. 08-cv-1267, 2008 WL 4791863 (S.D. Cal. Nov. 3, 2008) ..................... 20

*Kearns v. Ford Motor Co.*,
    567 F.3d 1120 (9th Cir. 2009) ............................................................ 11

*Kelley v. Mortgage Electronic Registration*,
    642 F.Supp.2d 1048 (N.D. Cal. 2009) .................................................. 17

*Kozhayev v. America's Wholesale Lender*,
    No. S-09-2841. 2010 WL 3036001 (E.D. Cal. Aug. 2, 2010) ..................... 17

*Labra v. Cal-Western Reconveyance Corp.*,
    2010 WL 889537 (N.D. Cal. 2010) ...................................................... 15

*Lal v. American Home Servicing, Inc.*,
    680 F.Supp.2d 1218 (E.D. Cal. 2010) ..................................................... 9

**Locke Lord Bissell & Liddell LLP**
**300 South Grand Avenue, Suite 2600**
**Los Angeles, CA 90071**

iii

**TABLE OF AUTHORITIES**
(cont.)

**Page(s)**

*Mamerto v. Deutsche Bank Nat'l Trust Co.,*
 No. 08-00589, 2009 WL 1582911 (S.D. Cal. June 4, 2009) ................................. 12, 13

*Marcelos v. Dominguez,*
 No. 08-0056, 2008 WL 1820683 (N.D. Cal. Apr. 21, 2008) ................................... 5

*Marks v. Chicoine,*
 No. C 06-06806 SI, 2007 WL 1056779 (N.D. Cal. Apr. 2, 2007) .............................. 11

*Nelson v. Chase Manhattan Mortg. Corp.,*
 282 F.3d 1057 (9th Cir. 2002) ......................................................... 10

*Newbronner v. Milken,*
 *6 F.3d 666 (9th Cir. 1993)* ............................................................ 5

*Nunez v. Bank of America, N.A.,*
 No. C 11-0081, 2011 WL 1058545 (N.D. Cal. March 22, 2011) ................................. 7

*Pantoja v. Countrywide Home Loans, Inc.*
 640 F. Supp. 2d 1177 (N.D. Cal. 2009) ................................... 14, 18, 20, 21

*Parcay v. Shea Mortg. Inc.,*
 2010 WL 1659369 (E.D. Cal. April 23, 2010) ........................................... 19

*Perfect 10, Inc. v. Visa Int'l Serv. Ass'n,*
 494 F. 3d 788 (9th Cir. 2007) ......................................................... 21

*Pettie v. Saxon Mortgage Servs.,*
 2009 WL 1325947 (W.D. Wash 2009) ...................................................... 8

*Pham v. Bank of America, N.A,*
 2010 WL 3184263 (N.D.Cal. 2010) ....................................................... 7

*Pittman v. Barclays Capital Real Estate, Inc.,*
 No. 09-0241, 2009 WL 1108889, at *3 (S.D. Cal. Apr. 24, 2009) ........................... 20

*Power & Irrigation Co. v. Capay Ditch Co.,*
 226 F. 634 (9th Cir. 1915) ............................................................ 17

*Quintos v. Decision One Mortgage Co., LLC,*
 2008 U.S. Dist. LEXIS 104503 ......................................................... 18

*Ram v. Wachovia Mortg., FSB,*
 No. CIV S-10-1834, 2011 WL 1135285 (E.D. Cal. March 25, 2011) ................. 10, 16, 17

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

iv

# TABLE OF AUTHORITIES
### (cont.)

**Page(s)**

*Reynoso v. Paul fin., LLC,*
  2009 WL 3833298 (N.D. Cal. 2009) ............................................. 8

*Roque v. Suntrust Mortg., Inc.,*
  No. C-09-00040 RMW, 2010 U.S. Dist. LEXIS 11546 ............................ 19

*San Diego Home Solutions, Inc. v. Reconstruct Co.,*
  2008 U.S. Dist. LEXIS 99684 (S.D. Cal. 2008) ............................ 18, 20

*Selby v. Bank of America, Inc.,*
  No. 09-cv-2079, 2010 WL 4347629 (S.D. Cal. Oct. 27, 2010) ................ 14, 19

*Singh v. Wash. Mut. Bank,*
  2009 WL 2588885 (N.D. Cal. 2009) ............................................. 9

*Sutherland v. Diversified Capital Inc.,*
  No. C 08-03474 CRB, 2008 WL 2951353 (N.D.Cal. July 24, 2008) ................. 7

*Swanson v. EMC Mortg. Corp,*
  2009 WL 3627925 (E.D. Cal. 2009) ............................................. 9

*Swierkiewicz v. Sorema N.A.,*
  534 U.S. 506, 122 S. Ct. 992 (2002) ......................................... 4

*Uribe v. Countrywide Financial Corp.,*
  No. 08-cv-1982, 2009 WL 189013 (S.D. Cal. Jan 26, 2009) .................... 18

*Urzua v. America's Servicing Co.,*
  No. 09-00560 SI, 2009 WL 1621707 (N.D. Cal. June 5, 2009) ................... 13

*Vess v. Ciba-Geigy Corp. USA,*
  317 F.3d 1097 (9th Cir. 2003) ............................................... 5

*Walker v. Equity 1 Lenders Group,*
  2009 WL 1364430 (S.D. Cal. 2009) ............................................. 8

*Wurtzberger v. Resmae Mortgage Corp.,*
  2010 WL 1779972 (E.D. Cal. April 29, 2010) ................................. 14

S<small>TATE</small> C<small>ASES</small>

*Ball v. FleetBoston Fin. Corp.,*
  164 Cal. App. 4th 794 (2008) ............................................... 22

**Locke Lord Bissell & Liddell LLP**
**300 South Grand Avenue, Suite 2600**
**Los Angeles, CA 90071**

# TABLE OF AUTHORITIES
### (cont.)

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

**Page(s)**

*Batt v. City and County of San Francisco*,
   155 Cal. App. 4th 65 (2007) .................................................................................. 21

*Caira v. Offner*,
   126 Cal. App. 4th 12 (2005) .................................................................................. 17

*City of Cotati v. Casshman*,
   29 Cal.4th 69 (2002) ............................................................................................. 22

*Durell v. Sharp Healthcare*,
   183 Cal.App.4th 1350 (2010) ............................................................................... 16

*Edejer*, 2009 WL 1684714 at *12-1 ........................................................................... 12

*Glue-Fold, Inc. v. Slautterback Corp.*,
   82 Cal. App. 4th 1018 (2000) ............................................................................... 22

*Gomes v. Countrywide Home Loans, Inc. et al.*,
   2011 WL 566737 (Cal. App. 4 Dist., Feb. 18, 2011) ........................................... 15

*Hedging Concepts, Inc. v. First Alliance Mortgage Co.*,
   41 Cal. Appl.4th 1410 ........................................................................................... 17

*Howaard v. Schaniel*,
   113 Cal.App.3d 256 (1980) .................................................................................. 17

*In re Estate of Young*,
   160 Cal. App. 4th 62 (2008) ................................................................................. 11

*Kachlon v. Markowitz*,
   168 Cal.App.4th 316 (2008) ................................................................................. 18

*Karlsen v. Am. Savings & Loan Assoc.*,
   15 Cal. App. 3d 112 (1971) .................................................................................. 13

*Khoury v. Maly's of California, Inc.*,
   14 Cal. App. 4th 612 (1993) ................................................................................. 21

*Lane v. Vitek Real Estate Group*,
   2010 WL 1956707, AT **4-5 (E.D. Cal. 2010) ................................................... 15

*Lopez v. Chase Home Finance, LLC*,
   No. 09-0449, 2009 WL 1120318 ......................................................................... 17

# TABLE OF AUTHORITIES
### (cont.)

**Page(s)**

*Lopez v. Washington Mut. Bank, F.A.,*
   No. 1:09-cv-1838, 2010 WL 1558938 ...................................................................... 16

*Nebre v. Wachovia Mortgage,*
   No. 09-1239 SBA, 2009 WL 1690567, at *1 (N.D. Cal. June 16, 2009) ..................... 13

*Nguyen v. Calhoun,*
   105 Cal. App. 4th 428 (2003) ............................................................................... 13, 22

*Peterson v. Cellco Partnership,*
   164 Cal.App.4th 1583 (2008) ...................................................................................... 16

*Scripps Clinic v. Superior Court,*
   108 Cal. App. 4th 917 (2003) ...................................................................................... 20

*Sierra-Bay Fed. Land Bank Ass'n v. Superior Court,*
   227 Cal. App. 3d 318 (1991) ....................................................................................... 13

*Smith v. State Farm Mut. Auto. Ins. Co.,*
   93 Cal. App. 4th 700 (2001) ........................................................................................ 20

## FEDERAL STATUTES

12 U.S.C. § 2601 *et seq.* .................................................................................................... 4

12 U.S.C. § 2605(1)(B)(ii) .................................................................................................. 8

12 U.S.C. § 2605(e)(1) ........................................................................................................ 7

12 U.S.C. § 2605(f)(1)(B) ................................................................................................... 9

## STATE STATUTES

Business & Professions Code §§ 17200, *et seq.* ............................................................... 20

Cal. Civ. Code § 47 ............................................................................................................ 18

Cal. Civ. Code § 1788, *et seq.* ............................................................................................ 4

Cal. Civ. Code § 1788.1 ..................................................................................................... 19

Cal. Civ.Code § 2924 ............................................................................................. 14, 15, 18

Cal. Code Civ. Proc. § 340 .................................................................................................. 6

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

# TABLE OF AUTHORITIES
### (cont.)

**Page(s)**

Cal. Code Civ. Proc. § 1060 .................................................................................................. 21

Cal. Fin. Code § 4970, *et seq*. ................................................................................................ 6

Cal. Fin. Code § 4970(b) ......................................................................................................... 7

### *FEDERAL RULES*

Fed. R. Civ. P. 9(b) ............................................................................................................. 5, 12

Fed. R. Civ. P. 8(a)(2) ...................................................................................................... 4, 5, 6

### *OTHER AUTHORITIES*

Assembly Bill 489 .................................................................................................................... 6

**Locke Lord Bissell & Liddell LLP**
**300 South Grand Avenue, Suite 2600**
**Los Angeles, CA 90071**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DEFENDANTS' MOTION TO DISMISS
*Nottebohm  v. American Home Mortgage Corporation, et al.*, Case No. CV11-01838 SI

**Locke Lord Bissell & Liddell LLP**
**300 South Grand Avenue, Suite 2600**
**Los Angeles, CA 90071**

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendants American Home Mortgage Servicing, Inc. ("AHMSI") and Deutsche Bank National Trust Company, as Trustee for American Home Mortgage Assets Trust 2007-2 Mortgage-Backed Pass-Through Certificates, Series 2007-2 ("DBNTC" and together with AHMSI, "Defendants") move to dismiss each and every claim asserted against them in Plaintiffs Tess Nottebohm and Andreas Nottebohm's ("Plaintiffs") Second Amended Complaint ("SAC", attached hereto as Exhibit 1) with prejudice.

## INTRODUCTION

Plaintiffs' SAC against Defendants is based on purported wrongdoing relating to the origination of a $1.33 million loan Plaintiffs received to refinance their real property and the conduct by Defendants during the non-judicial foreclosure of the property after Plaintiffs failed to make their requisite mortgage loan payments. As with Plaintiffs' previous two complaints filed in this action, the SAC fails to assert any viable claim. Each of the twelve claims asserted in the SAC has been repeatedly rejected by California courts considering the same claims based on analogous facts. In fact, it appears Plaintiffs simply cut and pasted meritless claims filed by other delinquent borrowers in other cases despite many of the allegations having no relevance or factual basis to Plaintiffs or their loan.

Plaintiffs have asserted claims for violation of several federal statutes, including the Fair Credit Reporting Act ("FCRA") and the Real Estate Settlement Procedures Act ("RESPA") but fall woefully short of asserting a viable claim. In fact, the FCRA does not even provide a private right of action for a lender purportedly furnishing improper information to a credit reporting agency. This claim is even more remarkable since it is undisputed that Plaintiffs failed to repay the loan they acknowledge they received. Plaintiffs' other claims similarly lack merit. The fraud-based claims simply state in conclusory fashion allegations based on purported improper conduct at the origination of Plaintiffs' loan. These claims are long since time barred and fail to allege any statements actually made by AHMSI or DBNTC (who had no role in the origination of Plaintiffs' loan), let alone allegations with the requisite particularity that were made with knowledge and to which Plaintiffs relied on to their detriment. Other claims, including for "wrongful foreclosure" and

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

unjust enrichment are based on legal theories that have been repeatedly and consistently rejected by California courts, including theories challenging foreclosing parties' "standing" to take certain actions despite no basis for believing they lack the necessary authority and no allegation that the borrower has, or intends to, repay the loan obligation.

Plaintiffs have now had three opportunities to state a viable claim and have demonstrated they are unable to do so.  Defendants and the courts are forced to expend limited time and resources to attempt to decipher these purported causes of action despite there being no basis in fact or law to support such "claims."  Defendants should not be forced do this a fourth time.  Therefore, Defendants request that the Court dismiss this case in its entirety **with prejudice**.

**RELEVANT FACTS AND ALLEGATIONS**

**I.      PLAINTIFFS' LOAN AND DEFAULT ON LOAN.**

Plaintiffs executed a promissory note in December 2006 in the original principal amount of $1,330,000 ("Note") with lender American Brokers Conduit ("ABC") to refinance the existing mortgage encumbering the property located at 90 Sidney Court, San Rafael, Marin County, California ("Subject Property").  (SAC "General Allegations" ¶ 1, RJN Ex. A [Note] and Ex. B [Deed of Trust]).  The Note provides that "[i]n addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the 'Security Instrument'), dated the same date as this Note, protects the Note Holder from possible losses that might result if [borrowed] do[es] not keep the promises which [borrower] make[s] in this Note." (RJN, Ex. A at p. 5).

A Deed of Trust was also executed on or about December 13, 2006 relating to the Subject Property, naming Mortgage Electronic Registrations Systems, Inc. ("MERS") as nominee beneficiary for lender ABC and ABC's assigns.  (RJN, Ex. B at p. 2 ["MERS is the beneficiary under this Security Instrument."]; p. 3 ["MERS (as nominee for Lender and Lender's successors and assigns) has the right:  to exercise any or all of those interest, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender…"]).  The Deed of Trust was properly recorded with the Marin County Recorder on or about December 19, 2006.  (*Id.* at p. 1).  The Deed of Trust secured to the Note Holder:  "(i)  the repayment of the Loan, and all renewals, extensions and modification of the Note; and (ii) the performance of Borrower's covenants and

1  agreements under [the Deed of Trust] and the Note."  (*Id.* at p. 3).

2       After Plaintiffs admittedly defaulted on their repayment obligations under the terms of the

3  Note, nonjudicial foreclosure was commenced on the Property pursuant to sections 2924-2924l of

4  the California Civil Code ("Sections 2924, *et seq*.") and a Notice of Default and Election to Sell

5  Under Deed of Trust ("Notice of Default") was recorded with the Marin County Recorder on

6  December 5, 2009. (RJN, Ex. C).  The Notice of Trustee's Sale was recorded on March 9, 2010.

7  (*Id*., Ex. D).

8  **II.    PROCEDURAL HISTORY.**

9       Plaintiffs filed this lawsuit on March 25, 2010 in the Superior Court of California, County of

10  Marin against AHMSI and various other defendants in an apparent effort to delay the subject

11  foreclosure or, perhaps, to extract a favorable loan modification.  In the initial complaint filed in this

12  action, Plaintiffs attempted to state claims for fraud and statutory violations against AHMSI but

13  alleged no factual or legal basis for their purported causes of action.  (Dkt. No. 1, Ex. 1).  AHMSI

14  demurred to the initial complaint on the grounds that: (a) Plaintiffs failed to state any facts

15  suggesting AHMSI misrepresented that it has authority to service the subject loan on behalf of the

16  lender; and (b) Plaintiffs relied on the erroneous theory that one must physically possess the original

17  promissory note to commence non-judicial foreclosure in California.  (*Id*., Ex. 13).

18       On the eve of the hearing on AHMSI's demurrer to Plaintiffs' initial complaint, the Court

19  issued an order sustaining AHMSI's demurrer without leave to amend.  Yet, also on the eve of that

20  demurrer hearing, Plaintiffs filed a First Amended Complaint ("FAC") that added as a defendant

21  DBNTC, thus mooting AHMSI's initial demurrer and the Court's ruling thereon.  (Dkt. No. 1, Ex.

22  21).  The FAC rested on precisely the same conclusory allegations and/or erroneous theories as the

23  initial complaint.  Specifically, the FAC again challenged the authority of various named defendants

24  to foreclose on the Subject Property.  Defendants, therefore, demurred to the FAC.

25       On January 21, 2011 the court sustained Defendants' demurrer in its entirety but with leave

26  to amend within ten days of the Court's ruling.  Plaintiffs belatedly filed the SAC on March 16, 2011

27  asserting twelve causes of action for:  (1) "Violations of Unfair Lending Practices AB 489, AB 901";

28  (2) "Violations of the Real Estate Settlement Procedures Act ('RESPA'), 12 U.S.C. § 2601 *et seq*.";

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

(3) "Violations of Fair Credit Reporting Act"; (4) "Conspiracy to Commit Fraud and Conversion"; (5) "Conspiracy to Commit Wrongful Foreclosure"; (6) "Unjust Enrichment"; (7) "Quiet Title"; (8) "Slander of Title"; (9) "Misrepresentation in the Inducement"; (10) "Fair Dept Collection Practices Act – Cal. Civ. Code §§ 1788, *et seq.*"; (11) "Unfair Competition, Cal. Business & Professions Code;" and, (12) "Declaratory Relief." (Exhibit 1 attached hereto).

On April 15, 2011 Defendants removed the action to this Court based on federal question jurisdiction. Defendants now move to dismiss each and every claim asserted against them in the SAC for the reasons discussed in this motion.

## ARGUMENT

## I.   THE APPLICABLE LEGAL STANDARD.

### A.   Plaintiff Must Allege Facts To State A Claim Under FRCP 8(a).

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While this standard is liberally construed, the complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512, 122 S. Ct. 992, 998 (2002). Moreover, broad allegations that fail to specify which individual defendants are responsible for which wrongful conduct are insufficient under Rule 8(a). Fed. R. Civ. P. 8(a); *In re Sargent Tech., Inc.*, 278 F. Supp. 2d 1079, 1094 (N.D. Cal. 2003); *Gen-Probe, Inc. v. Amoco Corp.*, 926 F. Supp. 948, 960 (S.D. Cal. 1996).

Where a plaintiff's complaint fails to provide grounds for his or her entitlement to relief, it must be dismissed. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964-65 (2007); *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009). A complaint containing mere "labels and conclusions," or a "formulaic recitations of the elements of a cause of action" will not suffice to overcome a motion to dismiss. *Twombly*, 127 S. Ct. at 1964-65. Moreover, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.*

The Supreme Court in *Iqbal* emphasized that wholly-conclusory statements in a complaint need not be considered on a motion to dismiss:

///

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

4

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

> [T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . . . Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.

*Iqbal*, 129 S. Ct. at 1949-1950 (internal citation omitted).

### B.    Claims For Fraud Must be Plead With Even More Particularity.

A complaint based upon allegations of fraud must also meet the heightened standard imposed by Rule 9(b) of the Federal Rules of Civil Procedure, which mandates that allegations of fraud and misrepresentation be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001) (quoting *Newbronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993)); Fed. R. Civ. P. 9(b). "For fraud claims involving multiple defendants, the plaintiff must, at a minimum, 'identify the role of each defendant in the alleged fraudulent scheme.'" *Marcelos v. Dominguez*, No. 08-0056, 2008 WL 1820683, at *9 (N.D. Cal. Apr. 21, 2008) (quoting Schwartz v. KPMG LLP, 476 F.3d 756, 765 (2006)). Accordingly, to satisfy Rule 9(b)'s standard, a plaintiff must offer the "who, what, when, where and how" that support his or her allegations. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003).

## II.    PLAINTIFFS' COMPLAINT FAILS TO MEET THE MINIMUM PLEADING STANDARD.

Plaintiffs' SAC falls well short of the minimum pleading requirements under the Federal Rules of Civil Procedure. Initially, Plaintiffs simply lump all ten named defendants together in contravention of Rule 8(a). *See Gauvin v. Trombatore*, 682 F. Supp. 1067, 1071 (N.D. Cal. 1988) (lumping together multiple defendants in one broad allegation fails to satisfy notice requirement of Federal Rule of Civil Procedure 8(a)(2)); *Aaron v. Aguirre*, No. 06-1451 H, 2007 WL 959083, at *16 (S.D. Cal. Mar. 8, 2007) (undifferentiated pleading against multiple defendants is improper). A plaintiff must specifically identify the parties to the alleged activities so that each defendant is

advised of the claims it must defend.  *See, e.g., Gen-Probe*, 926 F. Supp. at 960.  To the extent Plaintiffs allege anything, they fail to explain which of the numerous named defendants they believe is responsible for what and fail to give notice of what each Defendant is alleged to have done wrong. Plaintiffs' sparse and conclusory allegations, directed at all "Defendants," are insufficient to state a claim.  *See Twombly*, 550 U.S. at 555; *Iqbal*, 129 S. Ct. at 1949-1950 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").  Indeed, the vast majority of the SAC is nearly incomprehensible and appears to have been simply cut and pasted from one of the numerous complaints filed by delinquent borrowers throughout the state, many of which are posted on the internet for other delinquent borrowers to copy.  Defendants should not be forced to decipher the SAC in an attempt to guess at what Plaintiffs are alleging and what purported wrongful conduct they are supposed to be defending themselves against.

## III.   ALL OF PLAINTIFFS' CLAIMS ARE LEGALLY INSUFFICIENT AND MUST BE DISMISSED.

Even if the Court finds that Plaintiffs' claims are sufficiently pled under Federal Rule of Civil Procedure 8(a), each individual claim still fails for myriad of reasons and must be dismissed.

### A.   Plaintiffs Fail To State A Claim for "Unfair Lending Practices".

Plaintiffs' first cause of action asserts "Violations of Unfair Lending Practices – AB 489 – AB 901" based on allegations that Defendants should have known Plaintiffs were incapable of repaying the loan they received in December 2006.  (SAC ¶¶ 26-31).  Of course a California Assembly Bill does not create a cause of action for a borrower.  Assuming Plaintiffs intend to assert an action under California Financial Code §§ 4970 *et seq.* (Assembly Bill 489 in 2001) relating to predatory lending, and assuming Defendants' assumption is correct, this cause of action still fails for various reasons.

Initially, Plaintiffs' claim is time barred.  California Code of Civil Procedure § 340 provides a one-year limitation period for statutes such as California Financial Code §§ 4970 *et seq.* , which do not prescribe a different period. The instant action was initiated on March 25, 2010 and this claim was first filed by Plaintiffs in their SAC on March 16, 2011.  Therefore, the claim was filed at least three years after the refinanced loan was consummated.  *See DeLeon v. Wells Fargo Bank, N.A.*, 729

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

6

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

1   F.Supp.2d 1119, 1127 -1128 (N.D.Cal. 2010); *Nunez v. Bank of America, N.A.*, No. C 11-0081, 2011

2   WL 1058545, at *2 (N.D. Cal. March 22, 2011).

3        Moreover, even if Plaintiffs' claim was not time-barred, it still fails and must be dismissed

4   since it is not a "covered loan" under the statute.  " A "covered loan" includes those in which "the

5   original principal balance of the loan does not exceed the most current conforming loan limit for a

6   single-family first mortgage loan established by the Federal National Mortgage Association in the

7   case of a mortgage or deed of trust."  Cal Fin. Code § 4970(b).  Plaintiffs received a loan of

8   $1,330,000 in December 2006.  Needless to say, this loan amount is well above the conforming loan

9   limit for a single family first mortgage loan in 2006 or any other time in history.  *See*

10  http://www.fanniemae.com/aboutfm/loanlimits.jhtml (last visited April 19, 2011); *see also Pham v.*

11  *Bank of America, N.A*, 2010 WL 3184263, at *4 (N.D.Cal. 2010); *Cohn v. Bank of America*, 2011

12  WL 98840, at *8 (E.D.Cal. 2011) (" court independently visited the Federal National Mortgage

13  Association's website, which provides that a loan limit for an original single-unit loan originating in

14  2007…was $417,000.  Thus, Plaintiffs' $1.33 million loan is not a "covered loan," and so their

15  predatory lending claim must be dismissed with prejudice. *Id.*; *see also Glover v. Fremont Inv. and*

16  *Loan,* No. C-09-03922 JCS, 2009 WL 5114001, at *5 (N.D.Cal. Dec. 18, 2009) (dismissing with

17  prejudice plaintiff's claim because the conforming loan limit was $417,000 at the time plaintiff

18  entered into his $461,000 loan); *Sutherland v. Diversified Capital Inc.,* No. C 08-03474 CRB, 2008

19  WL 2951353, at *2 (N.D.Cal. July 24, 2008).

20        **B.      Plaintiffs Fail To State A Claim for Violation of RESPA.**

21        Plaintiffs' second cause of action is for a purported violation of RESPA.  (SAC ¶¶ 32-38).

22  This claim fails for various reasons and must be dismissed.

23        Generally, RESPA requires that if "any servicer of a federally related mortgage loan receives

24  a qualified written request from the borrower (or an agent of the borrow) for information relating to

25  the servicing of such loan, the servicer shall provide a written response acknowledging receipt of the

26  correspondence within 20 days…"  12 U.S.C. § 2605(e)(1).  RESPA also requires notice to be given

27  of any transfers of certain loans in certain circumstances.  *Id* at §§ 2605(b)(1) and (d).

28  ///

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

Plaintiffs claim that they sent a qualified written request ("QWR") to the lumped together ten named "Defendants" under RESPA, although the letter is not attached to the SAC nor is the date it was sent or what information was included in the purported letter included in the SAC.  (SAC ¶¶ 32-38).  In fact, there is no information at all relating to this purported correspondence sent by Plaintiffs, but simply a conclusory sentence that it qualified as a QWR under the statute.

A QWR under RESPA is not just any letter demanding an accounting,  Rather, a QWR under RESPA must have "a statement of reasons for the belief of the borrower, to the extent applicable, that the account is in error or…sufficient detail to the servicer regarding other information sought by the borrower."   12 U.S.C. § 2605(1)(B)(ii); *see also Pettie v. Saxon Mortgage Servs.*, 2009 WL 1325947, at *2 (W.D. Wash 2009) ("RESPA § 2605(e)(1)(B) clearly requires that a disputing party give specific 'reasons' for claiming that an account is in error."); *Walker v. Equity 1 Lenders Group*, 2009 WL 1364430, at *5 (S.D. Cal. 2009) ("qualified written request must…include a statement of the reasons for the belief of the borrower that the account is in error."); *Boles v. Merscorp, Inc.*, 2009 WL 5225867, at *4 (C.D. Cal. 2009) ("Plaintiff alleges that he has provided 'qualified written letters to [defendant]…But Plaintiff's allegations merely constitute a 'formulaic recitation' of the statutory language that fails to provide specific facts, such as the 'sufficient detail' his letters allegedly provided regarding his account.") (citing *Twombly*, 127 S.Ct. at 1965).

Here, Plaintiffs have neither attached the purported QWR they sent to "Defendants" or provided any information relating to the purported QWR.  These are the types of allegations that courts have routinely dismissed and this Court should do the same.  The allegations in the SAC are not even close to alleging sufficient facts to show that a QWR was sent to Defendants.

Plaintiffs' RESPA claim also fails because they have not alleged any particular pecuniary damages.  Plaintiffs' only allegation in this regard is that they "suffered harm" and therefore are entitled to "actual damages … in excess of $10,000.00." (SAC ¶ 36).  These are precisely the type of allegations that courts have found insufficient to sustain a claim.  Merely alleging a violation with respect to a QWR does not give rise to a viable RESPA action.  There must be a specific averment of pecuniary damages in order to state a claim.  *See Reynoso v. Paul fin., LLC,* 2009 WL 3833298, at *7 (N.D. Cal. 2009) ("section 2605(f) [of RESPA] requires[s] a showing of pecuniary damages in

8

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

1   order to state a claim" and mere "conclusory" allegations are insufficient); *Singh v. Wash. Mut.*

2   *Bank*, 2009 WL 2588885, at *5 (N.D. Cal. 2009) (dismissing RESPA claim because the plaintiffs

3   failed to allege any actual damages resulting from the failure to respond to their QWR); *Swanson v.*

4   *EMC Mortg. Corp*, 2009 WL 3627925, at *7 (E.D. Cal. 2009) (same).   In other words, the SAC

5   must allege losses attributable to the alleged violation of RESPA.  However, there are no allegations

6   that this purported violation **caused** any harm to Plaintiffs.  *See Lal v. American Home Servicing,*

7   *Inc.*, 680 F.Supp.2d 1218, 1223 (E.D. Cal. 2010) ("allegations made under a separate cause of action

8   are insufficient to sustain a RESPA claim for actual damages as they are not a direct result of the

9   failure to comply"); *Amaral v. Wachovia Mortg. Corp.*, 692 F.Supp.2d 1226, 1232 (E.D. Cal. 2010)

10   (dismissing RESPA claim because plaintiffs failed to allege damages under RESPA section 2605

11   and collecting cases holding same).

12         Finally, the RESPA claim is insufficient because it does not allege that defendants engaged

13   in a "pattern or practice of noncompliance" with RESPA, as required to recover damages.  12 U.S.C.

14   § 2605(f)(1)(B); *see also Cortez v. Keystone Bank, Inc.*, No. 98-2457, 2000 WL 536666, at*10 n.12

15   E.D. Pa. 2000). (noting "[a] failure to provide subsequent responses to each of a series of repetitive

16   inquiries form a borrower . . . does not constitute a pattern or practice."); *Lal*, 680 F.Supp.2d at 1223.

17   The SAC is void of allegations of the requisite "pattern or practice" of noncompliance with RESPA

18   other than a single conclusory sentence stating there was such conduct.  (SAC ¶ 36).

19         For each of these reasons, Plaintiffs' second cause of action for violation of RESPA should

20   be dismissed.

21         **C.     Plaintiffs Fail to State A Claim for Violation Of The FCRA.**

22         Plaintiffs' third cause of action for violations of the FCRA is based on Defendants'

23   purportedly furnishing credit reporting agencies with negative information relating to Plaintiffs'

24   default on their mortgage.  (SAC ¶¶ 39-49).  This claim fails because the FCRA does not provide a

25   private right of action for claims against furnishers of information to credit reporting agencies such

26   as the SAC alleges in the third cause of action against Defendants.

27   ///

28   ///

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

1    Initially, this claim should be dismissed for the simple reason that Plaintiffs did receive a

2    $1.33 million loan and did fail to make the requisite payments under the terms of the loan.

3    Plaintiffs' FCRA claim therefore is disingenuous at best.

4    Regardless, the "FCRA does not provide a private right of action for knowingly furnishing

5    inaccurate information relating to a consumer to any consumer reporting agency." *Ram v. Wachovia*

6    *Mortg., FSB*, No. CIV S-10-1834, 2011 WL 1135285, at *9 (E.D. Cal. March 25, 2011) (citing 15

7    U.S.C. § 1681s-2(d); *Gorman v. Wolpoff & Abramson*, 584 F.3d 1147, 1154 n.9 (9th Cir. 2009); and

8    *Nelson v. Chase Manhattan Mortg. Corp.*, 282 F.3d 1057, 1060 (9th Cir. 2002)); *see also Gens v.*

9    *Wachovia Mortg. Corp.*, 2011 WL 9121, 8 (N.D.Cal. 2011)  ("[T]he FCRA does not provide for a

10   right of action against a furnisher of false information.").  As the Ninth Circuit explained, "Congress

11   did not want furnishers of credit information exposed to suit by any and every consumer dissatisfied

12   with the credit information furnished. Hence, Congress limited the enforcement of the duties

13   imposed by § 1681s-2(a) to governmental bodies." *Nelson*, 282 F.3d at 1060.  Therefore the lender

14   or servicer of Plaintiffs' loan is not a "provider" of credit information but merely a "furnisher" of

15   such information and, therefore, no cognizable FCRA claim can be stated against Defendants.

16   The allegations in the SAC are limited to claiming that Defendants failed "to notify the

17   consumer reporting agencies that the debt was disputed."  (SAC ¶ 44).  There are no allegations in

18   the SAC that Plaintiffs disputed the information relating to their default on the subject loan ***with any***

19   ***credit reporting agency*** or that Defendants received notice of disputed information ***from a credit***

20   ***reporting agenc***y, or that when they received such information from a credit reporting agency

21   Defendants failed to review or investigate the disputed information.  Plaintiffs' third cause of action

22   therefore must be dismissed.

23   **D.    Plaintiffs Fail to State Any Fraud-Based Claims.**

24   Plaintiffs' fourth cause of action for "conspiracy to commit fraud and conversion" and their

25   ninth cause of action for "misrepresentation in the inducement" are both premised on the same

26   alleged conduct by Defendants relating to their purported fraudulent statements at the origination of

27   the subject loan in December 2006.  The SAC alleges that these statements were made to induce

28   Plaintiffs to enter into a loan they were not qualified for.  This claim also fails and must be dismissed

10

for several reasons.

Initially, Plaintiffs' claims are based entirely on conduct that occurred in December 2006, more than three years before Plaintiffs even commenced this lawsuit in March 2010, and therefore the claims are time-barred. There are no allegations of any fraudulent conduct in the SAC that occurred after the time period during the origination of the loan in December 2006. Therefore, any claim which has a statute of limitations of three years are now time-barred. *See* Cal. C. Civ. P. § 338(d) (fraud has three year statute of limitations); *Brown v. Option One Mortg. Corp.*, No. C 09-5705 MHP, 2010 WL 1267774, at *2 (N.D. Cal. Apr. 1, 2010) (citing *City of Vista v. Robert Thomas Securities, Inc.*, 84 Cal. App. 4th 882, 889 (2000)) (claims have three-year statute of limitations when based on fraud).

Regardless of whether Plaintiffs' fraud-based claims are time-barred they fail to state a viable claim. To state a claim for fraud under California law, a plaintiff must allege that the defendant: (1) misrepresented a fact; (2) with knowledge of its falsity; (3) intending to induce reliance; and that (4) the plaintiff actually relied on the misrepresentations; (5) such reliance was justifiable; and (6) this reliance resulted in damages. *In re Estate of Young*, 160 Cal. App. 4th 62, 79 (2008). Fraud requires a heightened pleading standard with allegations "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Bly-Magee*, 236 F.3d at 1019. A plaintiff alleging claims based on fraud must allege specific information, including details such as "who, what, when, where, and how" the alleged fraud occurred, that support his allegations. *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (quoting *Vess*, 317 F.3d at 1106). Additionally, the complaint must also "set forth what is false or misleading about a statement and an explanation as to why the statement or omission complained of was false or misleading." *Marks v. Chicoine*, No. C 06-06806 SI, 2007 WL 1056779 at * 4 (N.D. Cal. Apr. 2, 2007) (quoting *Yourish v. Cal. Amplifier*, 191 F. 3d 983, 993 n.10 (9th Cir. 1999)). "A plaintiff's burden in asserting a fraud claim against a corporate employer is even greater. In such a case, the plaintiff must allege the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written." *Edejer*, 2009 WL

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

1684714 at *12-13 (quoting *Lazar v. Superior Court*, 12 Cal. 4th. 631, 645 (1996)).

Initially, there are no allegations that AHMSI or DBNTC had **any role** in the origination of Plaintiffs' loan, let alone that they knowingly made any false statements, intended any reliance on such purported false statements, that Plaintiff relied on any false statements to his detriment, or actually suffered any damages resulting from the purported fraudulent conduct.  In fact, there are no allegations that AHMSI or DBNTC made **any** statements, let alone purportedly fraudulent statements.  The only alleged fraudulent statements were by the lumped together "Defendants".

In addition, the fraud-based allegations fall woefully short of the Federal Rules of Civil Procedure requirement that fraud allegations be "specific enough" to give Defendants notice of the particular misconduct which is alleged to be fraudulent. The SAC fails to provide any of the specific information required by Rule 9(b) in pleading a fraud-based claim.  The SAC consists of general conclusory statements against the lumped together "Defendants", failing to provide any additional details about what statements were made that are allegedly fraudulent or what is false or misleading about anything any specific Defendant allegedly did, let alone the "who, what, when, where and how" of fraud necessary to maintain a claim.  Indeed, there is not a single allegation of specific conduct by AHMSI or DBNTC.  Needless to say, the allegations are therefore insufficient to meet the Rule 9(b) pleading standard.

### E.    Plaintiffs Fail To State A Claim for Wrongful Foreclosure.

Plaintiffs' fifth cause of action asserts a purported claim for wrongful foreclosure based on their theory that MERS does not have authority to participate in the non-judicial foreclosure of the subject property.  To begin with, a claim for wrongful foreclosure fails as a matter of law where the foreclosure sale has not yet taken place.  *See*, *e.g.*, *Mamerto v. Deutsche Bank Nat'l Trust Co.*, No. 08-00589, 2009 WL 1582911, at *3 (S.D. Cal. June 4, 2009) (dismissing cause of action for "wrongful foreclosure" where plaintiff failed to allege that any foreclosure sale had already taken place).  Because no foreclosure sale of the Subject Property has yet taken place, this claim must be dismissed for this reason alone.  Regardless, the allegations in the FAC are insufficient to sustain any claim against Defendants and therefore this cause of action must be dismissed because:  (1) Plaintiffs fail to allege that they have tendered, or are able and willing to tender, the subject loan proceeds and

12

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

(2) there are no facts in the SAC suggesting that Defendants or any other party failed to comply with California law during the commencement of the nonjudicial foreclosure of the Subject Property.

   **1. Plaintiffs Fail to Allege Tender Or The Ability To Tender the Loan Proceeds Admittedly Borrowed.**

   Plaintiffs' claim for wrongful foreclosure is fatally flawed because Plaintiffs failed to tender the loan proceeds before filing this action.  A borrower is not entitled to challenge a foreclosure unless and until the plaintiff first tenders the undisputed obligation in full.  *See Sierra-Bay Fed. Land Bank Ass'n v. Superior Court*, 227 Cal. App. 3d 318, 337 (1991) (stating that the debtor "must offer to do equity by making a tender or otherwise offering to pay his debt" before seeking to challenge a foreclosure); *see also Karlsen v. Am. Savings & Loan Assoc.*, 15 Cal. App. 3d 112, 117 (1971) (finding that a valid and viable tender of the loan proceeds was essential to an action for rescission of the trustee sale).  The tender requirement is strictly enforced.  *See Nguyen v. Calhoun*, 105 Cal. App. 4th 428, 439 (2003)  (a plaintiff's failure to tender payment owed under the note barred the requested relief).

   Courts routinely dismiss claims of wrongful foreclosure in the absence of an allegation that a plaintiff has or is able and willing to tender the loan proceeds.  *See Nebre v. Wachovia Mortgage*, No. 09-1239 SBA, 2009 WL 1690567, at *1 (N.D. Cal. June 16, 2009) (dismissing claim for wrongful foreclosure because plaintiff failed to "allege a credible tender of payment"); *Urzua v. America's Servicing Co.*, No. 09-00560 SI, 2009 WL 1621707, at *3 (N.D. Cal. June 5, 2009) ("In the absence of tender, or an offer to tender, a claim challenging a foreclosure sale fails to state a cause of action."); *Mamerto v. Deutsche Bank Nat'l Trust Co.*, No. 08-00589 H, 2009 WL 1582911, at *3 (S.D. Cal. June 4, 2009) ("[T]o challenge a foreclosure sale requires that the challenger first tender the undisputed mortgage lien in full."); *Gardner v. Am. Home Mortgage Servicing, Inc.*, 691 F.Supp. 2d 1192, 1203 (E.D. Cal. 2010) (same).  The Court here should do the same and dismiss Plaintiffs' claim for "wrongful foreclosure" on this ground alone.

   **2. Plaintiffs' Claim Rests On Untenable Theories Relating To Non-Judicial Foreclosure Law in California.**

   Even if Plaintiffs could somehow overcome this severe problem of failure to make the

13

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

1   requisite tender, the legal theories that the SAC relies upon in support of the purported claim for

2   "wrongful foreclosure" are insufficient to sustain a claim.  Courts have routinely rejected the theory

3   raised by Plaintiffs in the SAC, namely that the foreclosure was improper because Defendants lack

4   "standing" to foreclose on the Subject Property.

5          Initially, Plaintiffs' contention that MERS cannot validly assign the deed of trust is

6   unsupported by any binding authority.  MERS is the beneficiary under the Deed of Trust executed

7   by Plaintiff.  (*See* RJN, Ex. B, p. 2 ["MERS is the beneficiary under this Security Instrument."]; p. 3

8   ["MERS (as nominee for Lender and Lender's successors and assigns) has the right to exercise any

9   or all of these interests, including, but not limited to, the right to foreclose and sell the Property and

10   to take any action required of Lender …"]).  That is, the contract entered into by Plaintiffs explicitly

11   informed them of the role MERS played or could play relating to their loan and the Subject Property.

12   Therefore, Courts have consistently held that MERS, it its role as beneficiary under the Deed of

13   Trust may assign a deed of trust.  *See Benham v. Aurora Loan Services*, No. C-09-2059, 2009 WL

14   2880232, at *3 (N.D. Cal. Sept. 1, 2009) ("as beneficiary under the Deed of Trust it is clear that

15   MERS … had the authority to assign its beneficial interest under the Deed of Trust to [assignee].");

16   *Baisa v. Indymac, et al.*, Case No. 09-1464, 2009 WL 3756682, at *3 (E.D. Cal. 2009) ("As the

17   listed nominee and beneficiary under the Deed of Trust, MERS had the authority to assign its

18   beneficial interest to another party.").

19          Plaintiffs' claim also appears to be based on the theory that Defendants lack "standing" to

20   foreclose on the Subject Property.  The California Court of Appeals, however, recently issued an

21   opinion expressly rejecting this argument, thus following the reasoning of all of the other federal and

22   state courts that had previously considered the issue.  *See Selby*, 2010 WL 4347629, at *4 ("Courts

23   have held that regardless of whether MERS is an economic beneficiary or not, this language grants

24   MERS the power to initiate foreclosure under Cal. Civ.Code § 2924.");  *Wurtzberger v. Resmae*

25   *Mortgage Corp.,,* 2010 WL 1779972, at * 4 (E.D. Cal. April 29, 2010) (explaining that since the

26   Deed of Trust named MERS as the beneficiary it had the right to foreclose and the authority to

27   assign its beneficial interest under the deed of trust); *Pantoja*, 640 F.Supp.2d at 1188-90 (holding

28   that pursuant to the plain terms of the Deed of Trust and § 2924, MERS had a right to conduct the

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

1  foreclosure process); *Labra v. Cal-Western Reconveyance Corp.*, 2010 WL 889537, at *8 (N.D. Cal.

2  2010) (same); *Lane v. Vitek Real Estate Group*, 2010 WL 1956707, at **4-5 (E.D. Cal. 2010)

3  (same).

4           In *Gomes v. Countrywide Home Loans, Inc. et al.*, 2011 WL 566737 (Cal. App. 4 Dist., Feb.

5  18, 2011) the California Court of Appeals held that a borrower may not bring an action to determine

6  whether the owner of a note has authorized non-judicial foreclosure.  Here, Plaintiff alleges that he

7  can assert a claim because Defendants do not have the right to take any of the actions they have

8  purportedly taken in transferring the Deed of Trust and participating in foreclosure related activities.

9  This is nearly identical to the allegations considered and rejected by the California Court of Appeals

10 in *Gomes*.  As the court recognized, these types of claims attempt to "assert[ ] a right to bring a court

11 action to determine whether the owner of the Note has authorized its nominee to initiate the

12 foreclosure process." *Gomes*, 2011 WL 566737, at *4.  However, the court recognized that there is

13 "no legal authority for such a lawsuit.  Nothing in the statutory provisions establishing the

14 nonjudicial foreclosure process suggests that such a judicial proceeding is permitted or

15 contemplated." *Id.*  Indeed, as the court stated, "***[t]he recognition of the right to bring a lawsuit to***

16 ***determine a nominee's authorization to proceed with foreclosure on behalf of the noteholder***

17 ***would fundamentally undermine the nonjudicial nature of the process and introduce the***

18 ***possibility of lawsuits filed solely for the purpose of delaying valid foreclosures.***" *Id.* (emphasis

19 added).  The California non-judicial foreclosure statute is "unambiguously silent on any right to

20 bring the type of action identified" in Plaintiffs' SAC.

21           Plaintiffs therefore cannot assert any viable claim based on the purported failure of

22 Defendants to demonstrate to them the proper "chain of title" or other claims based on challenges to

23 their authority to foreclose on the Subject Property.

24      **F.      Plaintiffs Fail To State A Claim for Unjust Enrichment.**

25           Plaintiffs' sixth cause of action purports to assert a claim for "unjust enrichment" based on

26 the identical conduct alleged in their other causes of action.  (SAC ¶¶ 80-84).  Specifically, Plaintiffs

27 contend that Defendants were unjustly enriched by the payments Plaintiffs purportedly made on their

28 loan.  This "claim" fails for myriad reasons, including because California does not recognize a claim

15

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

1   for "unjust enrichment" and because a claim based on quasi-contract does not lie where an

2   enforceable, binding agreement exists between the parties such as the Note and Deed of Trust in this

3   case.

4         Plaintiffs' claim fails for the fundamental reason that California does not recognize a claim

5   for unjust enrichment.  "Courts consistently have held that unjust enrichment is not a proper cause of

6   action under California law.  The phrase 'unjust enrichment' does not describe a theory of recovery,

7   but an effect: the result of a failure to make restitution under circumstances where it is equitable to

8   do so." *In re Toyota Motor Corp.*, No. 8:10-ML-02151 JVS, 2010 WL 4867562, at *39 (C.D. Cal.

9   Nov. 30, 2010) (quoting *Melchoir v. New Line Prod., Inc.*, 106 Cal.App.4th 779, 793 (2003)); *see

10  *also Durell v. Sharp Healthcare*, 183 Cal.App.4th 1350, 1370 (2010); *Ram v. Wachovia Mortg.,*

11  *FSB*, No. CIV S-10-1834, 2011 WL 1135285, at *9 (E.D. Cal. March 25, 2011) (collecting cases).

12  As one court recently explained in *In re: Toyota*, "[u]njust enrichment is a general principle,

13  underlying various legal doctrines and remedies, rather than a remedy itself." *Id.* (quoting *Dinosaur*

14  *Dev., Inc. v. White*, 216 Cal.App.3d 1310, 1315 (1989)).  Therefore, the court concluded that

15  "[s]imply put, there is no cause of action in California for unjust enrichment." *Id*.  This Court should

16  similarly dismiss Plaintiffs' claim because the SAC's sixth cause of action for unjust enrichment

17  fails to state a viable claim under California law.

18        Moreover, a claim for unjust enrichment fails because Plaintiffs cannot asset any facts to

19  support the contention that Defendants received and retained benefits and payments to which they

20  were not entitled to.  *See Peterson v. Cellco Partnership,* 164 Cal.App.4th 1583, 1593  (2008)

21  (quoting *Lectrodryer v. SeoulBank*, 77 Cal.App.4th 723, 726 (2000)).  Plaintiffs admittedly entered

22  into the Note and Deed of Trust, lived in a $1.33 million home, and then failed to make their

23  requisite mortgage payments (yet continue to live in the home mortgage free).  There is nothing

24  unjust by Defendants about seeking to foreclose on the Subject Property that acted as collateral for

25  the loan made to Plaintiffs.

26        Finally, California law is clear that "an action in quasi-contract does not lie when an

27  enforceable, binding agreement exists defining the rights of the parties." *Lopez v. Washington Mut.*

28  *Bank, F.A.*, No. 1:09-cv-1838, 2010 WL 1558938, at **9-10 (E.D. Cal. April 19, 2010) (quoting

*Paracor Fin. v. Gen. Elec. Capital Corp.*, 96 F.3d 1151, 1167 (9th Cir. 1996)); *see also Hedging Concepts, Inc. v. First Alliance Mortgage Co.*, 41 Cal. Appl.4th 1410, 1419-20 (1996); *Ram*, 2011 WL 1135285, at *9. The SAC alleges Plaintiffs and Defendants entered into the Loan, and no allegations in the complaint support a claim that no contract exists between the parties. The SAC therefore does not allege sufficient facts to maintain a plausible claim for unjust enrichment.

### G.   Plaintiffs Fail to State A Claim to Quiet Title.

Plaintiffs' seventh cause of action for "quiet title" should be dismissed because Plaintiffs fail to allege tender and fail to allege any viable claim in the entire SAC that gives rise to such a claim. Plaintiffs' quiet title claim fails as a matter of law because they have failed to offer and allege tender. *See Caira v. Offner*, 126 Cal. App. 4th 12, 25 (2005); *see also Power & Irrigation Co. v. Capay Ditch Co.*, 226 F. 634, 639 (9th Cir. 1915) ("a court of equity requires every party who seeks equity to do equity"); *Kelley v. Mortgage Electronic Registration*, 642 F.Supp.2d 1048, 1057 (N.D. Cal. 2009) ("Plaintiffs have not alleged…that they have satisfied their obligation under the Deed of Trust. As such they have not stated a claim to quiet title."); *Kozhayev v. America's Wholesale Lender*, No. S-09-2841. 2010 WL 3036001, at *5 (E.D. Cal. Aug. 2, 2010) (same). Here, Plaintiffs have not alleged they have met their obligations under the Note and Deed of Trust. Further, because Plaintiffs cannot state any claim against any Defendant in the remaining causes of action asserted in the SAC, as demonstrated throughout this Motion, Plaintiffs also cannot state a claim to quiet title. Finally, an action for quiet title requires a verified complaint and the SAC is not verified. *See Lopez v. Chase Home Finance, LLC*, No. 09-0449, 2009 WL 1120318, at **5-6 (E.D. Cal. April 24, 2009) (dismissing quiet title complaint because "the complaint was not verified as required by the quiet title statute."). This Court should therefore grant Defendants' Motion to Dismiss Plaintiffs' claim for quiet title.

### H.   Plaintiffs Fail To State A Claim for Slander of Title.

Plaintiffs' claim for "slander of title" fails for various reasons and must be dismissed. To plead a claim for slander of title, Plaintiffs must allege that Defendants caused a false publication without privilege that caused direct and immediate pecuniary loss to plaintiffs. *See Howaard v. Schaniel*, 113 Cal.App.3d 256, 263-64 (1980). Plaintiffs allege that Defendants committed slander

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

of title by recording the Notice of Default and other non-judicial foreclosure documents.  (SAC ¶¶ 90-101).  However, Plaintiffs' claim fails as a matter of law because notices published in connection with a non-judicial foreclosure are privileged and therefore cannot form the basis for a slander of title claim.  *See Uribe v. Countrywide Financial Corp.*, No. 08-cv-1982, 2009 WL 189013, at *4 (S.D. Cal. Jan 26, 2009) (dismissing slander of title claim with prejudice because defendants' statutorily required mailing, recording, and publishing of notices in non-judicial foreclosure are privileged communications under Civil Code section 47); *Kachlon v. Markowitz*, 168 Cal.App.4th 316, 333 (2008) ("We hold that section 2924 deems the statutorily required mailing, publication, and delivery of notices in nonjudiicial foreclosure, and the performance of statutory nonjudicial foreclosure procedures, to be privileged communications under the qualified common interest privilege of section 47, subdivision (c)(1).").  Plaintiffs' slander of title claim fails for this reason alone.

Plaintiffs' claim appears to be a claim for "wrongful foreclosure" based on the "produce the note" and "produce the chain of title" theories often raised by delinquent borrowers, but unanimously rejected by California courts.  Countless courts in California have long rejected the claim that Defendants must provide evidence that they are the current holder of the note.  The SAC appears to be based on the incorrect assumption that under California law only the party having physical possession of the Note has any rights under the loan, including, as in this case, the right to initiate non-judicial foreclosure.  This misinterpretation of California law has never been accepted by any California state or federal district court and, to the contrary, it has repeatedly been rejected by courts facing the same issues based on analogous facts.  *See Pantoja v. Countrywide Home Loans, Inc.* 640 F. Supp. 2d 1177, 1186 (N.D. Cal. 2009) ("[n]o requirement exists under the statutory framework to produce the original note to initiate non-judicial foreclosure."); *San Diego Home Solutions, Inc. v. Reconstruct Co.*, 2008 U.S. Dist. LEXIS 99684, at *5 (S.D. Cal. 2008) ("California law does not require that the original note be in the possession of the party initiating nonjudicial foreclosure."); *Quintos v. Decision One Mortgage Co., LLC*, 2008 U.S. Dist. LEXIS 104503, at **7-8 (S.D. Cal. 2008) ("under California law, an 'allegation that [the foreclosing entity] did not have the original note or had not received it is insufficient to render the foreclosure proceeding invalid");

*Candela v. NDEX West, LLC,* No. 08-1916, 2008 U.S. Dist. LEXIS 105926, at *12 (E.D. Cal. Dec. 23, 2008) ("No requirement exists under the statutory framework to produce the original note to initiate nonjudicial foreclosure."); *Farahani v. Cal-Western Reconveyance Corp.*, No. 09-194, 2009 WL 1309732, at *2 (N.D. Cal. May 8, 2009) ("possession [of the note] is not required for a non-judicial foreclosure."). Similarly, courts have rejected the derivation of this theory that the parties foreclosing on a delinquent borrower must "produce the chain of title." *See Roque v. Suntrust Mortg., Inc.*, No. C-09-00040 RMW, 2010 U.S. Dist. LEXIS 11546, at **8-9 (N.D. Cal. Feb. 9, 2010) *(*"Uniformly among courts, production of the note is not required to proceed in foreclosure and similarly no production of any chain of ownership is required."); *Selby v. Bank of America, Inc.*, No. 09-cv-2079, 2010 WL 4347629, at *3 (S.D. Cal. Oct. 27, 2010); *Parcay v. Shea Mortg. Inc.*, 2010 WL 1659369, at *11 (E.D. Cal. April 23, 2010). Therefore, these theories cannot salvage Plaintiffs' claim.

## I.      Plaintiffs Fail To State A Claim Against Defendants For Violation Of The RFDCPA.

Plaintiffs' tenth cause of action alleges that Defendants violated the RFDCPA. (SAC ¶¶ 109-112). California courts, however, have repeatedly rejected similar claims involving residential mortgage loans and this Court should do the same.

This claim fails as an initial matter because the RFDCPA does not govern the subject loan at issue in this lawsuit. The RFDCPA "prohibit[s] debt collectors from engaging in unfair or deceptive acts or practices in collection of consumer debts, and to require debtors to act fairly in entering into and honoring such debts." Cal. Civ. Code § 1788.1. Importantly, however, "California courts have declined to regard a residential mortgage loan as a 'debt' under the RFDCPA." *Margera v. Countrywide Home Loans, Inc.*, No. 2:09-cv-01476-MCE-GGH, 2010 WL 160348, at *3 (E.D. Cal. Jan. 11, 2010) (citing numerous cases); *see also Sorenson v. Countrywide Home Loans, Inc.*, No. 2:09-cv-01943-MCE-KJM, 2010 WL 308794, at *4 (E.D. Cal. Jan. 12, 2010) ("based on the language of the statute, courts have declined to regard a residential mortgage loan as a 'debt' under the RFDCPA."); *Castaneda v. Saxon Mortgage Services, Inc., et al.*, No. 2:09-01124 WBS DAD, 2010 U.S. Dist. LEXIS 17235, at **8-9 (E.D. Cal. Feb. 26, 2010) (servicer of loan not a "debt

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

19

collector" under the RFDCPA); *Ines v. Countrywide Home Loans, Inc.,* No. 08-cv-1267, 2008 WL 4791863, at *3 (S.D. Cal. Nov. 3, 2008) (plaintiff's mortgage debt claim did not fall within the meaning of the RFDCPA); *Pittman v. Barclays Capital Real Estate*, Inc., No. 09-0241, 2009 WL 1108889, at *3 (S.D. Cal. Apr. 24, 2009) (dismissing RFDCPA claim with prejudice because a "residential mortgage loan does not qualify as a 'debt' under the statute").

In this case, Plaintiffs' RFDCPA claim rests solely on alleged conduct by AHMSI in connection with the servicing of their residential mortgage loan. Given these allegations, any alleged attempt by AHMSI to collect on the subject mortgage loan would <u>not</u> fall within the purview of the RFDCPA. In addition, courts have recognized that activities related to nonjudicial foreclosure do not constitute "debt collection" under the RFDCPA. *See Ines*, 2008 WL 4791863, *3 (finding that foreclosure pursuant to a deed of trust "does not fall within the meaning of the RFDCPA or the FDCPA"); *see also San Diego Home Solutions, Inc*., 2008 U.S. Dist. LEXIS 99684, at *4 (same).

**J.      Plaintiffs' Claim For Violation of California's Unfair Competition Law Fails.**

Plaintiffs' eleventh cause of action under California's Unfair Competition Law ("UCL"), Business & Professions Code §§ 17200 *et seq*. is wholly derivative of the other claims alleged in the SAC. (SAC ¶¶ 113-119). Thus, Plaintiffs' UCL claim, as pled, is clearly dependent upon the success or failure of the other claims asserted in the SAC. Because each of these incorporated claims fails as a matter of law for the reasons set forth in this demurrer, Plaintiffs' derivative UCL claim also fails and should be dismissed. *See Smith v. State Farm Mut. Auto. Ins. Co.* , 93 Cal. App. 4th 700, 718 (2001) (UCL claim failed where it was premised on statutory violations but the complaint failed to allege statutory violations); *Pantoja v. Countrywide Home Loans, Inc.*, 640 F. Supp. 2d 1177, 1186, 1190-91 (N.D. Cal. 2009) ("since the Court has dismissed all of the Plaintiff's predicated violations, Plaintiff cannot state a claim under the unlawful business practice prong of the UCL"); *Scripps Clinic v. Superior Court*, 108 Cal. App. 4th 917, 940 (2003) (alleged "unfair" practices must be "tethered" to specific "constitutional, statutory, or regulatory provisions" that provide an objective basis for determining unfairness).

In addition, the UCL claim fails because Defendants cannot be held vicariously liable for other named defendants' alleged unlawful business acts or practices. California law is well settled

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

20

that "an unfair practices claim under [the UCL] cannot be predicated on vicarious liability … A defendant's liability [under the UCL] must be based on his personal participation in the unlawful practice and unbridled control over the practices that are found to violate [the UCL]." *Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*, 494 F. 3d 788, 808-09 (9th Cir. 2007) (quoting *Emery v. Visa Int'l Serv. Ass'n*, 95 Cal. App. 4th 952, 960 (2002)). Therefore, to the extent Plaintiffs seek to maintain a UCL claim based on the purported conduct of other named defendants, it still fails.

Moreover, "[a] plaintiff alleging unfair business practices under these statutes must state with reasonable particularity the facts supporting the statutory elements of the violation." *Khoury v. Maly's of California, Inc*., 14 Cal. App. 4th 612, 619 (1993). Here, Plaintiffs fail to allege any facts showing which business practice by any Defendant was unfair or fraudulent in violation of the UCL, and therefore provide sufficient facts to give Defendants notice of the alleged wrongful conduct being asserted against it. *Pantoja*, 640 F. Supp. 2d at 1190-91; *Sorenson*, 2010 WL 308794, at *8 (plaintiff failed to "identify which specific behaviors he believes are punishable under the UCL."); *Morgera*, 2010 WL 160348, at *7 (same). Because Plaintiffs have failed to sufficiently plead unlawful, unfair or fraudulent behavior by AHMSI or DBNTC, their UCL claim should be dismissed.

For each of the foregoing reasons, Plaintiffs' eleventh cause of action against Defendants for violation of the UCL fails. Thus, Defendants respectfully request that the Court dismiss this claim with prejudice.

### K.    Plaintiffs' Claim for Declaratory Relief Fails.

As with Plaintiffs' UCL claim, Plaintiffs assert a "claim" for declaratory relief that is wholly derivative of the other claims alleged in the SAC. (SAC ¶¶ 120-130). The Complaint fails to plead an underlying cause of action that would entitle Plaintiffs to declaratory relief. Moreover, Plaintiffs have not adequately pled tender of the loan proceeds.

As an initial matter, declaratory relief is available only where there is an "actual controversy relating to the legal rights and duties of the respective parties." Cal. Code Civ. Proc. § 1060. Declaratory relief is not an independent cause of action, but instead a form of equitable relief. *Batt v. City and County of San Francisco*, 155 Cal. App. 4th 65, 82 (2007). A demand for declaratory

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

1   relief is "dependent upon a substantive basis for liability" and has "no separate viability" if a

2   plaintiff's other claims fail.  *Glue-Fold, Inc. v. Slautterback Corp.*, 82 Cal. App. 4th 1018, 1023 n.3

3   (2000).  Thus, dismissal is proper where a request for declaratory relief is wholly derivative of non-

4   viable causes of action.  *Ball v. FleetBoston Fin. Corp.*, 164 Cal. App. 4th 794, 800 (2008); *City of*

5   *Cotati v. Casshman*, 29 Cal.4th 69, 79 (2002) (to be entitled to declaratory relief plaintiff must

6   establish an "actual controversy relating to the legal rights and duties of the respective parties.").

7   Here, Plaintiffs' claim for declaratory relief is based solely on their other non-viable claims in the

8   SAC, and thus fails for this reason alone.

9        Moreover, Plaintiffs' request for declaratory relief fails because Plaintiffs have failed to

10  make a credible and unconditional offer of tender.  *See, e.g.*, *Chavez v. Reconstruct Co.*, No. 08-

11  1864, 2008 WL 5210893, at *6 (E.D. Cal. Dec. 11, 2008) ("The law is long established that a [party]

12  must tender the obligation in full as a prerequisite to challenge a foreclosure sale."); *see also*

13  *Nguyen*, 105 Cal. App. 4th 428, 439 (2003) (holding that the tender rule is strictly applied in

14  California).  Accordingly, the Court should grant Defendants' Motion to Dismiss with prejudice.

15                          <u>**CONCLUSION**</u>

16       For the foregoing reasons, Defendants respectfully request that the Court grant their Motion

17  to Dismiss, dismiss all claims in Plaintiffs' SAC against Defendants with prejudice, and grant such

18  further relief as the Court deems just and proper.  A proposed order detailing the relief requested by

19  Defendants has been filed concurrently herewith.

20

21

22

23

24

25

26

27

28

1   Dated:  April 22, 2011            LOCKE LORD BISSELL & LIDDELL LLP

2

3

4                                By:  _____ */s/ Daniel A. Solitro* _____

                                          Conrad V. Sison

5                                          Daniel A. Solitro

6                              Attorney for Defendants

7                              AMERICAN HOME MORTGAGE SERVICING, INC. and DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR AMERICAN HOME MORTGAGE ASSETS TRUST 2007-2 MORTGAGE-BACKED PASS-THROUGH CERTIFICATES, SERIES 2007-2

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Locke Lord Bissell & Liddell LLP*
*300 South Grand Avenue, Suite 2600*
*Los Angeles, CA 90071*

DEFENDANTS' MOTION TO DISMISS
*Nottebohm  v. American Home Mortgage Corporation, et al.*, Case No. CV11-01838 SI

**Locke Lord Bissell & Liddell LLP**
**300 South Grand Avenue, Suite 2600**
**Los Angeles, CA 90071**

## CERTIFICATE OF SERVICE

I, Daniel A. Solitro, an attorney, do hereby certify that on April 22, 2011, I caused a copy of the foregoing **DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT** to be served by the method so indicated below upon the following parties:

Andreas Nottebohm                                      Plaintiffs, In Pro Se
Tess Nottebohm
90 Sidney Court
San Rafael, California  94903

*Via U.S. Mail, postage prepaid.*

Dated: April 22, 2011                    By:___ */s/ Daniel A. Solitro*_____
                                                        Daniel A. Solitro

LA 670522

---

24