IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREAS NOTTEBOHM, *et al.* | No. C 11-01838 SI |
| Plaintiffs, | **ORDER REMANDING CASE TO MARIN COUNTY SUPERIOR COURT** |
| v. | |
| AMERICAN HOME MORTGAGE CORP., *et al.* | |
| Defendants. | |

Defendants' motion to dismiss and motion to expunge lis pendens are currently scheduled for hearing on August 26, 2011. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument and hereby VACATES the hearing. For the reasons discussed below, the Court hereby REMANDS this case for lack of jurisdiction.[1]

**BACKGROUND**

Plaintiffs Andreas Nottebohm and Tess Nottebohm filed this action in the Marin County Superior Court on March 25, 2010. They named as defendants American Home Mortgage Servicing, Inc.; American Brokers Conduit; T.D. Service Company; Sunfield Financial; Toni Robyn Schwartz; Adriana Daixum Matters;, and twenty Doe defendants. *See* Complaint, Notice of Removal Ex. 1 (Doc. 1-1 at 5). In their initial complaint, plaintiffs brought several claims relating to a mortgage loan plaintiffs had obtained on their residence, which is located in San Rafael, California. *See id.* ¶¶ 5, 19.

---

[1] Any scheduled hearings or conferences, including the case management conference scheduled for August 26, are VACATED.

They described defendant T.D. Service Company as "a California corporation" that is "a diversified financial services corporation engaged primarily in residential foreclosure and/or related businesses," and that "has represented to Plaintiffs that it has the right to foreclose on the mortgage in question[]." *Id.* at ¶ 8.

On March 16, 2011, plaintiffs filed a second amended complaint, in which, for the first time, they alleged violations of federal law. *See* Notice of Removal ¶ 5. Many of the originally named defendants were named in this complaint, including T.D. Service Company. Approximately one month later, defendants American Home Mortgage Servicing ("American") and Deutsche Bank National Trust Company ("Deutsche Bank") filed a notice of removal. Defendants American and Deutsche Bank filed a motion to dismiss and a motion to expunge the notice of pendency of action. In response, plaintiffs requested permission to file an amended complaint. The Court granted plaintiffs' leave to file a third amended complaint and denied defendants' motions as moot. *See* Order (Doc. 26).

On June 24, 2011, plaintiffs filed a third amended complaint, in which they brought just one claim: for wrongful foreclosure under California state law. *See* Third Am. Compl. (Doc. 27) ¶¶ 24–38. Once again, they name T.D. Service Company as a defendant, describing it as "a California business, based out of Santa Ana, California," and alleging that it executed a Notice of Default and Election to Sell that was recorded in December 2009. *Id.* at ¶¶ 7, 11. In late July, defendants American and Deutsche Bank again filed a motion to dismiss and a motion to expunge the notice of pendency of action.

**LEGAL STANDARD**

A defendant can remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988) (citations omitted). A district court has diversity jurisdiction over any civil action between citizens of different states as long as the amount in controversy exceeds $75,000, excluding interest and costs. 28 U.S.C.

§ 1332. If at any time before final judgment it appears that a district court lacks subject matter jurisdiction over a case that has been removed to federal court, the case must be remanded. 28 U.S.C. § 1447(c).

**DISCUSSION**

On June 26, 2011, defendants American and Deutche Bank filed a Case Management Statement in which they stated that the Court no longer has federal question jurisdiction over this case. Defendants asserted that the Court has diversity jurisdiction, but acknowledged that if plaintiffs served the third amended complaint on defendant T.D. Service Company, "there would no longer be a basis for the Court's [subject matter] jurisdiction over this case." *See* Statement (Doc. 30), at 3; *see also* Mot. to Dismiss at 3 n.1 ("The Court still has jurisdiction over the case. Although there is no longer any federal claims asserted in the TAC, there is diversity jurisdiction since Plaintiffs are California residents and none of the served Defendants are California residents.").

Service of the complaint on defendant T.D. Service Company would be important if plaintiffs were not citizens of California. Section 1441(b) of Title 28 of the United States Code sets out the "forum defendant rule":

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

Section 1441(b) "has widely been interpreted as reflecting a Congressional intent to prevent the fraudulent joinder of forum defendants in order to avoid removal." *See Khashan v. Ghasemi*, No. CV 10-00543 MMM, 2010 WL 1444884, * 2 (C.D. Cal. April 5, 2010) (listing cases).

However, a majority of courts, including the Ninth Circuit, have rejected the arguments that "§ 1441(b), by implication, expanded removal jurisdiction to permit removal, despite want of diversity, if a resident defendant whose presence would defeat diversity had not been served." *See, e.g., Preseau v. Prudential Insurance Co.*, 591 F.2d 74, 78 (9th Cir. 1979); *see also Clarence E. Morris, Inc. v. Vitek*, 412 F.2d 1174, 1176 (9th Cir. 1969) ("A nonresident defendant cannot remove a 'non-separable' action if the citizenship of any codefendant, joined by the plaintiff in good faith, destroys complete diversity,

3

regardless of service or nonservice upon the codefendant . . . ."); *Oxendine v. Merck and Co., Inc.*, 236 F. Supp. 2d 517, 526 (D. Md. 2002) (adopting the majority rule, because "removability cannot rationally turn on the timing or sequence of service of process"). Whether or not defendant T.D. Service Company has been served is not relevant to the question of diversity jurisdiction. Defendant T.D. Service Company is a non-diverse defendant. The Court lacks subject matter jurisdiction to rule on defendants' pending motions, and over this case in general.

## CONCLUSION

For the foregoing reasons, this case is hereby REMANDED to the Marin County Superior Court.

**IT IS SO ORDERED.**

Dated: August 22, 2011

SUSAN ILLSTON
United States District Judge